UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

KAREEM PATRICK CORIGLIANO                                          PLAINTIFF

v.                                          CIVIL ACTION NO. 4:22-CV-P71-JHM

JENNY PHILLIPS *et al.*                                          DEFENDANTS

## MEMORANDUM OPINION

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth herein, the Court will dismiss the action.

## I.

Plaintiff Kareem Patrick Corigliano is a pretrial detainee at Daviess County Detention Center (DCDC). He sues Jenny Phillips, Nicki Fentress, and Cassie Thompson, who he identifies as nurses at DCDC, and Tamberly McCoy, who he identifies as a doctor at DCDC, in their official and individual capacities. He also sues Southern Health Partners (SHP) and Daviess County.

Plaintiff states that "inmate Jeremy Cole came to cell c110 around November – December 2021." He asserts that Cole put in numerous medical requests for his skin condition and that the nurses kept telling him that it was eczema. He alleges that after Cole made medical requests for months the nurses concluded that his skin condition was scabies. Plaintiff states as follows:

> On May 2, 2022 both head nurse Jenny Phillips (SHP) and nurse Cassie Thompson (SHP) checked the whole cell. They only treated inmates that were symptomatic. They stated that the cell was going on isolation for the next 72 hours. During that 72 hour period the head nurse Jenny Phillips (SHP) instructed the 3rd guard Jailor Mr. Hayden to change bed linens, towels, jumpsuits and specially wash our personal laundry. The 3rd shift guard jailor Mr. Hayden complied with changing our bed linen, towels and jumpsuits, but failed to comply with specially washing our personal laundry. On May 6, 2022 the inmates that they didn't treat began to have symptoms. We got off isolation on May 10, 2022. On May 12, 2022 inmate came into the cell, and by May 15, 2022, he had shown symptoms that he had scabies. May 16, 2022 head nurse Jenny Phillips (SHP) only treated him, and

everyone stated that they should treat the entire cell.  May 17, 2022 they came back and issued treatment for entire cell.  Incorrect treatment towards inmate Jeremy Cole and the spread of the scabies infections is why I believe my 8th amendment has been violated.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a

claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  Defendants Daviess County and SHP

A municipality, such as Daviess County, cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as SHP. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). *Id.* Thus, liability of a contracted private entity also must be based on a policy or custom of the entity. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001)

3

("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").  To state a claim against either a municipality or a contracted entity, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983.  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that he was denied medical treatment pursuant to a policy or custom of Daviess County or SHP.  Accordingly, Plaintiff's claims against these Defendants must be dismissed for failure to state a claim upon which relief may be granted.

### B.  Defendants Phillips, Fentress, Thompson, and McCoy

#### 1.  Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Thus, Plaintiff's official-capacity claims against Defendants Phillips, Fentress, Thompson, and McCoy are actually against SHP, who Plaintiff indicates is their employer.  The official-capacity claims, therefore, must be dismissed for the reasons set forth above.

### 2.  Individual-Capacity Claims

#### a.  Defendants Phillips and Thompson

As to Plaintiff's individual-capacity claims, the standard for inadequate-medical-care claims brought by pretrial detainees under the Fourteenth Amendment has been in flux in the Sixth Circuit.[1]  In *Greene v. Crawford Cnty.*, 22 F.4th 593 (6th Cir. 2022), the Sixth Circuit clarified the standard as follows:

> *Brawner* modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness: "A pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'"  *Brawner*, 14 F.4th at 597 (6th Cir. 2021) (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)).  In other words, a plaintiff must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* (citation and quotation marks omitted).

*Id.* at 605-06.  More recently, the Sixth Circuit decided *Trozzi v. Lake Cnty.*, 29 F.4th 745 (6th Cir. 2022), which articulated the modified standard as follows:

> [A] plaintiff must satisfy three elements: (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison

---

[1] A convicted inmate is protected from cruel and unusual punishment by the Eighth Amendment, which includes a right to be free from deliberate indifference to an inmate's serious medical needs.  *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018).  An Eighth Amendment deliberate-indifference claim has both an objective and a subjective component.  *Id.* at 937-38.  To meet the objective component, the plaintiff must show that the medical need is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To meet the subjective component, the plaintiff must show that "an official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 837.  The plaintiff must demonstrate that the official was aware of facts from which an inference of substantial risk of serious harm to inmate health or safety could be drawn and that the official actually drew the inference.  *Id.*  The Due Process Clause of the Fourteenth Amendment "forbids holding pretrial detainees in conditions that 'amount to punishment.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 405 (2015) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).  Therefore, when a pretrial detainee asserts a claim of denial of medical treatment, the claim is analyzed under the Fourteenth Amendment.  *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566-67 (6th Cir. 2020) (citing *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018)).  "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Richmond*, 885 F.3d at 937 (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).  In *Kingsley v. Hendrickson*, however, the Supreme Court analyzed the standard applied to an excessive-force claim brought by a pretrial detainee and eliminated the subjective prong of the deliberate indifference standard for such a claim.  576 U.S. at 397-400.  In *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021), the Sixth Circuit held that "*Kingsley* requires modification of the subjective prong of the deliberate-indifference test for pretrial detainees" in the context of a claim of deliberate indifference to serious medical needs.

official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

*Id*. at 757.  Importantly, this standard still "ensur[es] that there is a sufficiently culpable mental state to satisfy the []high bar[] for constitutional torts grounded in a substantive due process violation." *Id*. at 758.  A showing of "mere negligence is insufficient." *Id*. at 753 (citing *Brawner*, 14 F.4th at 596).

In the complaint, Plaintiff does not state that he contracted scabies, but, construing the complaint broadly, the Court will presume that he did.  Additionally, for purposes of this initial review, the Court will presume that Plaintiff's alleged scabies infection constitutes an objectively serious medical need under the above standard.  However, based upon Plaintiff's allegations, the Court concludes that Defendants Phillips and Thompson cannot be said to have acted with reckless disregard to Plaintiff's serious medical needs.  Plaintiff does not state that he was denied treatment for scabies but that he was given "[i]ncorrect treatment."  Moreover, he states that Defendants Phillips and Thompson checked the cell for scabies; put inmates in isolation; instructed jail staff to change bed linens, towels, jumpsuits, and wash inmates' personal laundry; and ultimately treated the entire cell for scabies.  The fact that jail staff failed to wash the laundry as instructed by Defendants Phillips and Thompson does not show that Defendant Phillips or Thompson recklessly disregarded Plaintiff's ostensibly serious medical need.  Consequently, the Court will dismiss Plaintiff's individual-capacity claims against these Defendants for failure to state a claim upon which relief may be granted.

**b. Defendants Fentress and McCoy**

As to Defendants Fentress and McCoy, Plaintiff's individual-capacity claims against them fail because he makes no allegations against them in the complaint.  It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 544

6

(holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)).

Thus, Plaintiff's individual-capacity claims against Defendants Fentress and McCoy will also be dismissed for failure to state a claim upon which relief may be granted.

**IV.**

The Court will enter a separate Order dismissing this action for the reasons stated herein.

Date:   November 2, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      Daviess County Attorney
4414.010